# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVE REINHARDT, | 1:08-cv-00329 LJO DLB HC |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION TO EXPEDITE PROCEEDING AND FOR EVIDENTIARY HEARING |
| v. | |
| FELLER, Warden, | [Doc. 9] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ habeas corpus on March 7, 2007. (Court Doc. 1.) On March 17, 2008, the Court directed Respondent to submit a responsive pleading. (Court Doc. 7.)  On this same date, Petitioner filed a motion to expedite and/or for an evidentiary hearing. (Court Doc. 9.)

The Court does not have an expedited calendar, and Petitioner has not set forth any basis to warrant an exception to such procedure.  The Court is aware of Petitioner's pending petition. Nevertheless, the Court's docket of pending cases is substantial, and the Court must act first on those matters that have been pending the longest.  Petitioner is advised that the Court acts to resolve all pending cases in the most efficient manner possible and will do so in this case. Accordingly, Petitioner's motion to expedite the pending petition for writ of habeas corpus must be DENIED.

1    Petitioner's request for an evidentiary hearing must be denied. The purpose of an
2 evidentiary hearing is to resolve the merits of a factual dispute. An evidentiary hearing on a
3 claim is required where it is clear from the petition that: (1) the allegations, if established, would
4 entitle the petitioner to relief; and (2) the state court trier of fact has not reliably found the
5 relevant facts. See, Hendricks v. Vasquez, 974 F.2d 1099, 1103 (9th Cir.1992). As the function
6 of an evidentiary hearing is to try issues of fact, Townsend v. Sain 372 U.S. 293, 309
7 (1963)(*overruled in part by* Keeney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715 (1993)), such
8 a hearing is unnecessary when only issues of law are raised. Id.

   In the instant case, the Court has yet to review the instant petition and until a thorough review of the merits of Petitioner's claims, it cannot be determined that a factual dispute necessitating an evidentiary hearing is present. Following a thorough review of the petition's merits, the Court will sua sponte issue an order for an evidentiary hearing should it find one necessary. Accordingly, the request for an evidentiary hearing is DENIED, without prejudice.

   IT IS SO ORDERED.

   Dated:   **March 31, 2008**          **/s/ Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE