# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVE REINHARDT, | 1:08-cv-00329 LJO DLB HC |
| Petitioner, | ORDER REGARDING PETITIONER'S MOTIONS OPPOSING RESPONDENT'S REQUEST FOR AN EXTENSION OF TIME TO FILE A RESPONSE |
| v. | |
| FELLER, Warden, | [Docs. 20, 21, 22] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on March 7, 2008. On March 17, 2008, the Court directed Respondent to file a response to the petition.[1] (Court Doc. 7.)

On June 6, 2008, counsel for Respondent filed a motion for an extension of time to file an answer to the petition. (Court Doc. 16.) Counsel declared that she was unable to complete work on the responsive pleading to the instant petition because of conflicting workload on several other cases. "More specifically, in the past 30 days declarant has made court appearances in People v. Castandeda (Fresno County Superior Court No. 08F900918 on May 9, 2008 and in People v. Hernandez (Stanislaus Sup. Court Case No. 82422) on May 21, 2008. Declarant filed

---

[1] Pursuant to this order, an answer addressing the merits of the petition was due within ninety (90) days from the date of service, and a motion to dismiss was due sixty (60) days from the date of service. (Court Doc. 7.)

1

1 respondents briefs in People v. Diaz (F052637) on May 16, 2008; People v. Johnson (F052915)
2 on May 23, 2008; and People v. Xiong (F053786) on May 30, 2008.  In addition, declarant filed a
3 Motion in People v. Montemayor (Tulare Co. Superior Court Case No. 201704) on June 5, 2008.
4 Declarant is currently working on an Answer to Petition for Writ of Habeas Corpus in People v.
5 Garcia (1:06 CV 0041 OWW WMW HC) to be filed by June 13, 2008.  Declarant has also had
6 one sick and there was also a holiday." (Application & Declaration, at 2.)

7      Based upon a showing of good cause, the Court granted Respondent's request for an
8 extension of time on June 11, 2008, and extended the deadline by thirty days.  (Court Doc. 18.)

9      On June 16, 2008, Petitioner filed an opposition to Respondent's motion for an extension
10 of time.  (Court Doc. 20.)  Then on June 17, 2008, Petitioner filed a motion for default judgment
11 and summary judgment.  (Court Doc. 21.)  Thereafter, on June 23, 2008, Petitioner filed a
12 documented entitled "Complaint About Judicial Process."  (Court Doc. 22.)

13      Petitioner claims that Respondent was given more than sufficient time to file a response
14 and an extension of time is unjustified.  Petitioner points out that Respondent was given ninety
15 days to respond, whereas he is only given thirty days to file a traverse.

16      Although Petitioner is correct that the Court acted prematurely in granting Respondent's
17 request for an extension of time, extensions of time in cases filed under § 2254 is very common
18 and it is routine practice of the Court to grant such extensions based on these circumstances.
19 Such courtesy is extended to both parties, including Petitioner.  Petitioner contends that he is
20 prejudiced by granting Respondent an extension of time because he will continue to remain in
21 unlawful custody.  Petitioner is advised that this Court has a large number of cases awaiting
22 review on the merits, and Petitioner is in no different position than all other convicted prisoners
23 who have filed for relief under § 2254.  Case management at this Court proceeds by the order
24 cases are received and the date it becomes ready for review on the merits.  The Court is aware of
25 the existence of Petitioner's case and the length of time that it has been pending.  However, due
26 to the caseload of the Court, and the Court's diligent handling of each individual case, rulings
27 and decisions often take time.  Petitioner's case will be ruled upon in due course and appropriate
28 orders will issue.

1    In sum, Petitioner seeks forth no persuasive argument challenging the grounds upon
2 which Respondent sought an extension, i.e. a heavy workload.  Petitioner is advised that should
3 an extension of time be necessary for the filing of his traverse, an extension of time may be filed
4 which will be routinely granted.
5    Based on the foregoing, Petitioner's objection to Respondent's motion for an extension of
6 time is noted but overruled.
7    IT IS SO ORDERED.
8    Dated:   **June 26, 2008**              **/s/ Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE