1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVE REINHARDT,<br><br>           Petitioner,<br><br>     v.<br><br>FELLER, WARDEN,<br><br>           Respondent. | Case No.  1:08-cv-00329-LJO-DLB (HC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>[ECF No. 81] |

Now pending before the Court is Plaintiff's motion for reconsideration of the Court's order dismissing the instant petition filed pursuant to 28 U.S.C. § 2254, filed July 25, 2013.

Plaintiff seeks reconsideration of the Court's order of dismissal based on "newly discovered" evidence to support his claim of innocence.

Under Rule 60(b)(2) of the Federal Rules of Civil Procedure, a court may consider "newly discovered evidence that, with reasonable diligence, could not have been discovered [earlier]." Fed. R. Civ. P. 60(b)(2).  TO obtain relief from judgment based on newly discovered evidence, the plaintiff must show that the evidence existed at the time of the trial, could not have been discovered through due diligence, and was of such magnitude that production of it earlier would have been likely to change the disposition of the case.  Jones v. Aero/Chem Corp., 921 F.2d 875, 878 (9th Cir. 1990).

1

Plaintiff contends that subsequent to the denial of the instant petition, he "discovered how the trust document is altered or falsified," …. [which was] the cornerstone of the case against this petitioner at his trial…." "The altered or falsified trust document shows that the petitioners trust fund was being stolen, that he was the victim of a theft and a conspiracy, when the facts of this case are honestly looked at, he was actually innocent, he just walked into a trap set up for him by the criminals, he just didn't cower, he stood his ground and then defended himself when assaulted and attacked." (ECF No. 81, at 2.)

First, Plaintiff's motion for reconsideration is untimely.  Motions for reconsideration brought under Rule 60(b) must be made within a reasonable time, and with respect to ground two (at issue here), no more than a year after the entry of the judgment, order, or proceeding. Fed. R. Civ. P. 60(c).  Plaintiff's motion was brought over four years after the petition for writ of habeas corpus was denied and judgment was entered in favor of Respondent, and well over two years after the Ninth Circuit denied Plaintiff's request for a certificate of appealability. (ECF Nos. 53, 73.)

Second, in order for Plaintiff to further challenge his state court conviction by habeas corpus, Plaintiff must first seek and obtain permission from the Ninth Circuit Court of Appeals to file another habeas petition with this Court.  See 28 U.S.C. § 2244(b).  Indeed, Plaintiff was advised of such requirement when he filed a petition for writ of mandamus in this Court.  See Reinhardt v. Fifth District Court of Appeals, et al., E.D. Cal. Case No. 1:13-cv-0-938-LJO-MJS, ECF No. 32.  As Petitioner has not obtained permission from the Ninth Circuit, further challenge to his conviction cannot be entertained.

Based on the foregoing, Plaintiff's motion for reconsideration, filed on July 25, 2013, is DENIED.

IT IS SO ORDERED.

Dated:  __March 23, 2014__           ___/s/ Lawrence J. O'Neill___
                                         UNITED STATES DISTRICT JUDGE